· Charles A. Gardiner (G. Tarleton Goldthwaite, of counsel), for appellant.

Frank A. Acer, for respondent.

SCOTT, P. J.   The verdict was grossly excessive, due perhaps to the erroneous instruction to the jury that, in estimating the plaintiff's damage, they might fairly consider what they thought would compensate them under similar circumstances, if injured in the same manner.   The plaintiff's injuries were only very slight, and it is not even claimed that they are permanent.   His loss by way of wages amounted only to one week at $5.50 a day, and no proof was given or claim made in respect to any physician's fee.

Counsel for defendant asked the court to charge that it was not negligence as a matter of law to permit overcrowding, but was a circumstance to be submitted to and considered by the jury.   This was a proper request, and should have been charged, and the refusal to do so was not rendered harmless by reading to the jury an excerpt from a judicial opinion, which, read without its context, was calculated rather to mislead than to instruct the jury.

No request was made to charge as to the contributory negligence of plaintiff in leaving a place of safety, and attempting to squeeze through the gate before it had been fully opened, and it is not, therefore, necessary to consider that question upon this appeal.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.

---

### PELLETREAU v. GREENE CONSOL. GOLD MIN. CO.

(Supreme Court, Appellate Term.   January 17, 1906.)

1. CORPORATIONS—REFUSING INSPECTION OF STOCK BOOK—ACTION FOR PENALTY—EVIDENCE.

Under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, providing that every foreign corporation having an office for the transaction of business in the state shall keep a stock book which shall be open for the inspection of its stockholders, and that for refusal to allow such inspection the corporation shall forfeit $250, it is not necessary for recovery of the penalty to show, in addition to a demand on the person apparently in charge of the office, that such person bore any particular relation to the corporation.

2. SAME—DISCRIMINATION AGAINST FOREIGN CORPORATION.

Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, imposing a penalty of $250 on a foreign corporation for refusal to allow a stockholder to inspect the stock book, is not unconstitutional, as imposing a more severe penalty on a foreign corporation than is imposed for the same offense on a domestic corporation; section 29, subjecting a domestic corporation for such refusal to payment of $50 and all damages resulting to the stockholder.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Paul M. Pelletreau against the Greene Consolidated Gold Mining Company.   From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

M. E. Harby, for appellant.

David J. Wagner, for respondent.

SCOTT, P. J. This is an action for statutory damages for the refusal of defendant, a foreign corporation, to permit plaintiff, a stockholder, to inspect its stock book. It was shown that plaintiff called at defendant's office in this city, and saw a person, who stated that he was and who appeared to be in charge of the office, and who further stated that the defendant's books were kept there, but refused to let plaintiff inspect them. It was conceded that the office at which plaintiff called was that of defendant, and we think that, under the circumstances, the plaintiff made out a prima facie case of refusal. The statute does not specify of whom the demand for an inspection of the stock book shall be made, further than to provide that it shall be kept in the office of the company, and shall be open daily during business hours for inspection by those authorized to inspect. A stockholder has done all that he can do when he has gone to the office and made demand upon the person apparently in charge that an inspection be permitted. It would be to nullify the law to require him to go further and prove in the first instance that the individual to whom he made application bore any particular relation to the company. If for any reason the person thus applied to did not represent the company, it would be easy for the defendant to show that fact.

It is argued that section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688, as amended by Laws 1897, p. 314, c. 384) is unconstitutional, because it imposes a more severe penalty upon a foreign corporation than is imposed for the same offense upon a domestic corporation. This contention seems to be untenable. Section 29 of the stock corporation law subjects a domestic corporation, for a refusal to exhibit the stock book, to the payment of $50, "and all damages resulting to him [the stockholder] therefrom." Section 53, for the same refusal, subjects a foreign corporation to the payment of one sum of $250, and says nothing about any other damages. The effect of this seems to me to be merely that, in the case of a domestic corporation, the damages are left unliquidated, while in the case of a foreign corporation they are liquidated by the statute; but in both cases the provision is for the recovery of damages. Cox v. Island Mining Co., 65 App. Div. 514, 73 N. Y. Supp. 69.

Judgment affirmed, with costs. All concur.